CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 09 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PABLO SILVA-RODRIGUEZ, | ) | Civil Action No. 7:09-cv-00497 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN TERRY O'BRIEN, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Pablo Silva-Rodriguez, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argues that the Bureau of Prisons ("BOP") improperly calculated the length of his federal sentence after the BOP received petitioner from state custody.[1] The respondent filed for summary judgment, and petitioner responded, making the matter ripe for disposition. After reviewing the record, the court grants the respondent summary judgment.

I.

On April 25, 2000, Tennessee authorities arrested petitioner for purchasing a kilogram of cocaine hydrochloride within 1000 feet of a public secondary school. (Resp't Mot. Summ. J. (no. 11) Attch. 1.) On June 6, 2000, state authorities temporarily transferred petitioner into the custody of the United States Marshals Service pursuant to a federal writ. (Id. Attch. A.) On May 14, 2001, the United States District Court for the Eastern District of Tennessee sentenced petitioner to 100 months imprisonment for distributing at least 500 grams of cocaine and aiding and abetting. (Id. Ex. 1 Attach. B.) On May 16, 2001, the Marshals Service returned petitioner

---

[1] Petitioner's challenge to the effectiveness of his defense counsel and the voluntary and knowing nature of his plea agreement must be addressed with his sentencing court. Petitioner's relief from his conviction, if any, proceeds from a motion pursuant to 28 U.S.C. § 2255, and it must be filed with the United States District Court for the Eastern District of Tennessee. Accordingly, the court dismisses petitioner's § 2255 claims without prejudice and denies a Certificate of Appealability because petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1).

to state authorities via a return writ. (Id. Ex. 1 Attch. A.) On July 13, 2001, a state court sentenced petitioner to a total of 15 years confinement for possessing cocaine. (Id. Ex. 1 Attch. C.) State correctional authorities credited petitioner's state sentence with 101 days for the time periods of April 25, 2000, through June 6, 2000, and from May 16, 2001 through July 12, 2001. (Id. Ex. 1 Attch. C, D.) Petitioner's state sentence commenced on July 13, 2001, the date the state sentence was imposed. Petitioner was released from the state sentence via parole on December 27, 2007, to the federal detainer. (Id. Ex. 1 Attch. C, D, and E.) The BOP computed petitioner's federal sentence as commencing on December 27, 2007, the date he completed his state sentence and entered federal physical and legal custody. Petitioner received prior-custody credit against his federal sentence for the time period beginning June 7, 2000, the day after the Marshals Service borrowed Petitioner via a federal writ, through May 15, 2001, the day before he was returned to state authorities because the time spent in custody pursuant to the federal writ was not credited against petitioner's state sentence. (Id. Ex. 1 Attch. F.)

Petitioner subsequently filed an administrative remedy request that the BOP construed as a request for a concurrent designation of his state and federal terms of incarceration ("nunc pro tunc designation"). (Id. Ex. 1.) The BOP reviewed the sentences in accordance with the five factors outlined in 18 U.S.C. § 3621(b) and determined a nunc pro tunc designation was not warranted. (Id. Ex. 1 Attch. G.) Petitioner is currently serving his sentence within this district.

II.

A.

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[2] Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id. The moving party has the burden of showing – "that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth specific facts admissible as evidence that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248. Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility, Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986). Rather, the party opposing the motion is entitled to have his or her version of the facts accepted

---

[2]The parties received reasonable and explicit notice when the Clerk issued a timely Roseboro notice, warning that the court may convert a motion to dismiss that references matters outside the pleadings into a motion for summary judgment. See Fed. R. Civ. P. 12(d).

as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

B.

Petitioner's federal sentence commenced on December 27, 2007, when he was delivered into the Marshals Service legal and physical custody at the expiration of his state sentence pursuant to the federal detainer. See 18 U.S.C. § 3585(a) (stating imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served). Petitioner was in federal primary custody at that time, meaning that:

> In the context of successive criminal prosecutions by different sovereignties this 'chief rule which preserves our two systems of courts from actual conflict of jurisdiction' means that the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty.
> . . .

United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. Jan. 29, 1993) (quoting In re Liberatore, 574 F. 2d 78 (2d Cir. 1978)). Primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence. See Chambers v. Holland, 920 F. Supp. 618, 622 (M.D. Pa. Apr. 4, 1996) (citing United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980)). "Lending" an inmate via a writ of habeas corpus ad prosequendum to another jurisdiction does

4

not relinquish a sovereign's primary jurisdiction. United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998) (citing Thomas v. Whalen, 962 F. 2d 358, 361 n. 3 (4th Cir. 1992) (stating the state retains primary jurisdiction over a prisoner appearing in federal court pursuant to a writ ad prosequendum)). See also United States v. Smith, 812 F. Supp. 368, 371 (E.D.N.Y. 1993) (stating a writ of habeas corpus ad prosequendum merely loans a prisoner to other authorities).

When state authorities arrested petitioner on April 25, 2000, the state gained primary jurisdiction over petitioner. The state authorities did not relinquish their primary jurisdiction over petitioner when federal authorities borrowed him pursuant to a writ of habeas corpus ad prosequendum. Rather, the state continued to retain its primary jurisdiction over petitioner until December 27, 2007, when state authorities paroled petitioner and transferred primary jurisdiction to federal authorities. Accordingly, petitioner's federal sentence began on December 27, 2007, upon his release from his state sentence.

Petitioner received prior custody credit toward his federal sentence for the time period beginning June 7, 2000, the day after the Marshals Service borrowed petitioner via a federal writ, through May 15, 2001, the day before he was returned to state authorities. The state authorities did not credit this time to petitioner's state sentence. Petitioner received this credit because this period was not credited against his state sentence. See 18 U.S.C. § 3585(b) (permitting prior custody credit if the time has not been credited against another sentence). Congress enacted § 3585 to make "clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).

Petitioner asserts his federal and state sentences were concurrent sentences and therefore the BOP has erroneously calculated his federal sentence. However, concurrent, multiple federal

and state sentences is not presumed. A prisoner's federal sentence may not commence before his arrival at a federal facility except if the BOP grants the prisoner a nunc pro tunc designation. See Evans, 159 F.3d at 911-12 (a federal sentence may commence with respect to a defendant who is already in state custody "if and when the Attorney General or the [BOP] agrees to designate the state facility for service of the federal sentence."). The BOP has the authority to "designate the place of [a] prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP considers all inmate requests for a nunc pro tunc designation but is not obligated to grant a nunc pro tunc designation. See Barden v. Keohane, 921 F.2d 476, 478 (3rd Cir. 1990) (stating that the BOP must only give consideration to a prisoner's request for a nunc pro tunc designation); McCollough v. O'Brien, 2007 WL 2029308 at *2 (W.D. Va. Jul. 10, 2007) (unpublished) (stating 18 U.S.C. 3621(b) does not impose any obligation on the BOP to grant nunc pro tunc designation).

Petitioner argues that his federal sentence must run concurrently to the state sentence imposed on July 13, 2001, because the state court judge ordered the state sentence to run concurrently a month after the federal court entered petitioner's federal criminal judgment. However, a state court judge does not have the power to order the commencement of a federal sentence. Federal law, as discussed supra, dictates when petitioner's federal sentence began, which was on December 27, 2007. Therefore, the BOP properly calculated petitioner's sentencing start, and he is not entitled to a nunc pro tunc designation. Accordingly, the court grants summary judgment to the respondent.

III.

For the foregoing reasons, the court dismisses without prejudice petitioner's 28 U.S.C. § 2255 complaints about his counsel and guilty plea and grants the respondent's motion for

summary judgment about the remaining sentencing credit claim.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 4th day of June, 2010.

/s/ James C. Dry
Senior United States District Judge